IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PLUM PROPERTY ASSOCIATES, INC.,

    Plaintiff,                                                                                            09cv1059

                                                                                                         **ELECTRONICALLY FILED**

    v.

MINERAL TRADING COMPANY, LLC,
JAMES R. CLARKE, JONATHAN LASKO,
MELISSA HENNIS,

    Defendants.

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

       This case involves allegations of various violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud and misrepresentation and state law claims of imposition of constructive trust, breach of oral contract, unjust enrichment, and conversion of funds.  Before this Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. (Doc. No. 6).  For the following reasons, Defendant's Motion to Dismiss will be **GRANTED** as to Counts I-II and the Court will decline to exercise jurisdiction as to Counts III-VI.

**II.  PROCEDURAL POSTURE**

       Plaintiff, Plum Property Associates, Inc. ("Plum Property") commenced this action on August 11, 2009, with the filing of a Complaint in Civil Action.  (Doc. No. 1).  The Complaint alleges six claims for damages arising out of the sale of coal by Plum Property to Defendant Mineral Trading Company, LLC ("Mineral Trading") pursuant to an alleged oral contract

between the parties.¹  Namely, Count I: Violation of 18 U.S.C. § 1962(c),  Count II: Fraud and Misrepresentation, Count III: Imposition of Constructive Trust, Count IV: Breach of Oral Contract, Count V: Unjust Enrichment, and Count VI: Conversion of Funds. (Doc. No. 1). Plaintiff's Complaint alleges the Plaintiff agreed to sell coal to the Defendant pursuant to an oral agreement, wherein Defendant agreed to pay $64.00 per ton for coal shipped in January 2009 and $61.00 per ton for coal shipped in February 2009.  (Doc. No. 1, ¶ 13).  Plaintiff alleged after Defendant took the coal shipments, Defendant unilaterally told Plaintiff they would only pay $30.00 per ton instead of the previously agreed upon sums.  (Doc. No. 1, ¶18).  The Complaint contains allegations that the failure of Mineral Trading to pay the agreed upon purchase price constitutes fraudulent conduct.  Plaintiff further alleges that the failure to pay the agreed upon price constitutes a violation of 18 U.S.C. §1341 (mail fraud), 18 U.S.C. §1343 (wire fraud), 18USC § 1956 (money laundering), 18 U.S.C. §1957 (engaging in monetary transactions derived from unspecified unlawful activity), and 18 U.S.C.  §2314 (relating to the transportation of stolen money). (Doc. No. 1).

Because Plaintiff's case involves a claim under RICO, on August 14, 2009, this Court ordered Plaintiff to file a RICO Case Statement. (Doc. No. 3).  Plaintiff's RICO Case Statement was filed on September 11, 2009. (Doc. No. 4).  On November 30, 2009, Defendant filed the instant Motion to Dismiss/Motion for More Definite Statement. (Doc. No. 6).  Plaintiff filed a Response to Motion to Dismiss/Motion for More Definite Statement on December 18, 2009.

---

¹ Plaintiff also has RICO claims against individuals James R. Clarke and Jonathan Lasko who were officers, managers, and shareholders of Mineral Trading.  Melissa Hennis who was the office manager and accountant of Mineral Trading is also a defendant.  Defendants will be referred to as Mineral Trading throughout this Opinion.

(Doc. No. 12).

### III.     LEGAL STANDARD

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12.  The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*.  While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13.  "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).  The failure-to-state-a-claim standard of Rule 12(b)(6) seeks to promote judicial economy by eliminating unwarranted discovery and factfinding. *United States ex. rel. Repko v. Guthrie Clinic, P.C.*, 557 F.Supp.2d 522, 525 (M.D. Pa. 2008).  Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224).  Generally, this does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S.. at 555).

### IV.    DISCUSSION

### A.    **RICO Claim** (Count I)

Defendants contend that Plaintiff's RICO claim pursuant to 18 U.S.C. §1962(c) should be dismissed because Plaintiff failed to set forth allegations against Defendant, which if proven, would constitute racketeering activity under 18 U.S.C. §1962(c).  Plaintiff counters that it has properly alleged all required elements of a RICO violation.  For the following reasons, this Court agrees with the Defendants that Plaintiff's RICO allegations are insufficient under F.R.C.P. 12(b)(6).

The RICO statute provides the following:

> It shall be unlawful for any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). A RICO claim requires four basic elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004).

   1. Plaintiff's Allegations of Enterprise are Insufficient

A "crucial" RICO element is the "enterprise." *McClure Enters., Inc. v. Fellerman*, Civ. A. No. 06-353, 2007 WL 1455893, at * 3 (M.D. Pa. May 15, 2007).  By statute an enterprise may be: (1) a legal entity, such as a corporation, acting alone or (2) a group "associated in fact," though not a legal entity. *See* 18 U.S.C. § 1961(4); *United States v. Turkette*, 452 U.S. 576, 581-82 (1981).  An enterprise must contain an organizational structure as well as a common purpose and existence independent of any racketeering activity. *See Turkette*, 452 U.S. at 582.  To show

that an enterprise exists, a plaintiff must demonstrate: (1) an ongoing organization, formal or informal; (2) that the various associates function as a continuing unit; and (3) the enterprise has an existence separate and apart from the alleged pattern of racketeering activity. *Id.* at 583. This first element requires a showing that "some sort of structure exists within the group for the making of decisions, whether it be hierarchical or consensual." *United States v. Irizarry*, 341 F.3d 273 (quoting *United States v. Riccobene*, 709 F.2d 214, 222 (3d Cir. 1983)); *see also In re Am. Investors Life Ins. Co. Annuity Mktg & Sales Practices Litig.*, Civ. A. No. 06-1712, 2006 U.S. Dist. LEXIS 35980, at *18-27 (E.D. Pa. June 2, 2006)(dismissing claim based on association-in-fact enterprise because the "complaints do not permit an inference that any organizational structure connected or controlled the various [enterprise members]").

Plaintiff does not specifically aver how the Defendants functioned as an enterprise colluding to carry out fraudulent schemes. Plaintiff's RICO Case Statement (Doc. No. 4) fails to sufficiently describe the structure, purpose, function and course of conduct of the enterprise and merely states, "the individual Defendants conducted and/or participated in the conduct of the Enterprises' affairs directly, or indirectly, through a patten of racketeering activity. These Defendants participated in the operation or management of Mineral Trading." (Doc. No. 4, (6)(b)). Beyond the individual Defendants' positions within Mineral Trading, there is no description of the decision-making structure or function and course of conduct the alleged enterprise undertook. Though Plaintiff alleges that Defendants were "a group of persons associated together in fact for the common purpose of carrying out the fraudulent schemes described . . . that constitutes corrupt activities" (Doc. No. 4, (6)), the RICO statement does not

6

adequately describe how the Defendants functioned as a continuing unit as required.  *See Turkette*, 452 U.S. at 583.  Plaintiff's Response to Motion to Dismiss (Doc. No. 12) does not give further support to the contention that Defendants formed an association-in-fact enterprise.  Rather, Plaintiff contends that "the complaint properly pleads a pattern of racketeering activity both through an "association in fact enterprise" pled in paragraph 29 of the complaint as well as through an "enterprise" itself in the same paragraph." (Doc. No. 12, 5).  Despite Plaintiff's contentions, Plaintiff has failed to set forth allegations which indicate that the Defendant Mineral Trading or any individual Defendants participated in conducting the affairs of enterprise through a pattern of racketeering activity.

### 2. Plaintiff's Allegations of a "Pattern of Racketeering Activity" are Insufficient

Plaintiff fails to identify facts which would constitute predicate acts, that would constitute a pattern of racketeering activity as defined in 18 U.S.C. §1961.  Plaintiff's RICO Case Statement (Doc. No. 4) alleges that the Defendants "repeatedly and knowingly" engaged in acts in violations of RICO.  However, there are no specific dates or time, place, and contents of these alleged violations listed.  Plaintiff relies on vague and conclusory statements and such as when required to list the date of each predicate act, the participants and relevant facts of each act, Plaintiff merely states, "The predicate acts began from at least January, 2009 and continued to present.  The participants included Mr. Clarke, Mr. Lasko, and Ms. Hennis.  The relevant facts are set forth above in the complaint."  (Doc. No. 4., (5)(b)).

Plaintiff's reliance on the United States Supreme Court Case of *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, (1985) is not helpful to Plaintiff's position.  *Sedima* instructs, a RICO violation requires a showing of "(1) conduct (2) of an enterprise (3) through a pattern (4) of

7

racketeering activity.  The plaintiff, must, of course, allege each of these elements to state a claim."   In this case, Plaintiff has not properly pled these elements as the Complaint and RICO Case Statement rely on vague and conclusory allegations.  For the preceding reasons, Defendants' Motion to Dismiss Plaintiffs' Count I RICO claim pursuant to Federal Rule of Procedure 12(b)(6) is **GRANTED**.

**B.**      **Fraud and Misrepresentation Alleged Under 18 U.S.C. §1341 and §1343** (Count II)

Plaintiff further allege that the Defendants violated federal law when they perpetrated fraud and misrepresentation in their dealings with Plaintiff. (Doc. No. 1).  Plaintiff alleges Defendant perpetrated acts of mail fraud in violation of 18 U.S.C. §1341 and wire fraud in violation of 18 U.S.C. §1343.  Defendant contends that Plaintiff fails to state with particularity the circumstances constituting fraud as required by Rule 9(b). (Doc. No. 6, ¶12).  F.R.C.P. Rule 9(b) requires "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Plaintiff failed to plead Count II Fraud and Misrepresentation with sufficient specificity. Plaintiff alleges that "These Defendants, both on their own and collectively, made numerous misleading false statements to Plaintiff to defraud Plaintiff of its coal and the fair market value proceeds therefrom." (Doc. No. 1, ¶40).  While Plaintiff mentions that "the scheme began with Clarke usurping his ownership interest in Plaintiff to cause Plaintiff to ship coal to MTC's shipping point," there are no specific particular false statements included in the Complaint. (Doc. No. 1, ¶40).  Mention of false invoices, memos, and other financial documents to Plaintiffs and others are also not specific or particularized as required by F.R.C.P. 9(b). (Doc. No. 1, ¶44). Even if Plaintiff's allegations are accepted as true, there are no facts set forth in the Complaint

which would support a claim for fraud and misrepresentation.  Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Count II: Fraud and Misrepresentation.

C.     **State Law Claims** (Counts III-VI)

Because both of Plaintiffs federal law claims have been dismissed, the Court must decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. (Counts III-VI). Section 1367 of Title 28 of the United States Code provides that a district court may exercise supplemental jurisdiction over state law claims if they form the same case and controversy as the federal claims. 28 U.S.C. § 1367(a).  However, a district court may decline to exercise jurisdiction over the supplemental claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). While this rule appears to be permissive, the United States Court of Appeals for the Third Circuit has held that a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

Given the early stage of these proceedings, prior to significant discovery, economy concerns are not implicated, and it would not be unfair to decline to exercise jurisdiction over the state law claims. The Court will decline to exercise its jurisdiction over the state law claims, and will dismiss said claims without prejudice.  Pursuant to 42 Pa. C.S.A. § 5103(b), Plaintiffs may pursue its claims in state court.

D.     **Motion to Dismiss As to All Individual Defendants**

This Court declines to rule on the Motion to Dismiss As to All Individual Defendants as it is more properly addressed in state court, should Plaintiff's complaint be filed in that forum.

E. **Motion for a More Definite Statement**

Defendant's Motion for a More Definite Statement is **DENIED AS MOOT** since this Court is granting Defendant's Motion to Dismiss for Counts I-II and declines to exercise jurisdiction over the remaining Counts III-VI.

V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss, (Doc. No. 6), pursuant to Federal Rule of Civil Procedure 12(b)(6) will be **GRANTED** as to Counts I-II. Counts I-II will be dismissed with prejudice.

The Court declines to exercise jurisdiction over the state law claims (Counts III-VI). Pursuant to 42 Pa. C.S.A. §5103(b), Plaintiff may pursue its claims in state court.

An appropriate order follows.

**SO ORDERED** this 23rd Day of December, 2009

          <u>s/ Arthur J. Schwab</u>
          Arthur J. Schwab
          United States District Judge


cc: All Registered ECF Counsel and Parties